


**U.S. Department of Justice**
*Billy J. Williams*
*Acting United States Attorney*
*District of Oregon*
1000 SW Third Avenue, Suite 600        (503) 727-1000
Portland, OR 97204-2902        Fax (503) 727-1117

July 7, 2015

Raymond S. Tindell
1122 NE 122nd Avenue Suite B211
Portland, OR 97230
*Attorney for Mr. Miguel*

      Re:    *United States v. Charles Douglas Miguel,*
             Case No. 3:14-CR-00110-01-SI
             Amended Plea Agreement

Dear Counsel:

      This letter will set forth the government's amended plea offer in this case. Please review this offer with your client and confirm with me that you have done so and whether he accepts or rejects it. ***Please note the expiration date set forth in paragraph 19 is 3:00 p.m. on July 8, 2015, the date of the status conference.***

1.   **Parties/Scope:** This plea agreement is between the United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges:** Defendant agrees to plead guilty to Counts 2, 3 and 5 of the Superseding Indictment. Counts 2 and 3 each charge defendant with a violation of the Mann Act, Title 18, United States Code, Section 2421. Count 5 charges defendant with Tampering with a Witness, Victim or Informant in violation of Title 18, United States Code, Section 1512(b)(1). In return, the government will move to dismiss the remaining counts against defendant at sentencing (Count 1 would have required a 15-year mandatory minimum sentence upon conviction).

3.   **Penalties:** The maximum sentence for a Mann Act conviction is ten years in prison, a fine of $250,000, a mandatory minimum five-year term of supervised release and a lifetime maximum term of supervised release, and a $100 fee assessment. The maximum sentence for Tampering with a Witness, Victim or Informant is 20 years imprisonment, fine of $250,000, three years of supervised release a $100 fee assessment. Defendant agrees to pay the $400 fee assessment at the time of guilty plea or explain to the court why it cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

4.   **Elements and Facts:** Defendant agrees that the government must prove, and can prove, beyond a reasonable doubt, the following essential elements:

Mr. Raymond Tindell, Esq.
Plea Agreement for Charles Douglas Miguel
Page 2

### Counts 2 and 3 – Mann Act violations

Defendant agrees that the government must prove, and can prove, beyond a reasonable doubt, the following essential elements of the Mann Act:

(a) First, the defendant knowingly transported a person, or caused a person to be transported, in interstate commerce; and

(b) Second, the defendant transported the person, or caused the person to be transported, with the intent that such person engage in prostitution.

As the factual basis for Counts 2 and 3, defendant Miguel admits that on or about January 24, 2012, defendant Miguel transported A.L. and D.H. from the State of Oregon to State of California, while having the intent that A.L. and D.H. engage in prostitution. Defendant further admits that he transported several other women, including in interstate commerce between January 2012 and January 23, 2014, all while having the intent that each of the women engage in commercial sex acts. Although this factual admission is narrow in scope, defendant admits that his relevant conduct in this case with regard to A.L. and D.H. as well as others, is sufficient to justify the sentence jointly recommended herein.

### Count 5 – Tampering with a Witness or Victim

Defendant agrees that the government must prove, and can prove, beyond a reasonable doubt, the following essential elements of Tampering with a Witness or Victim:

(a) The defendant used intimidation, threatened another person or corruptly persuaded another person or engaged in misleading conduct toward another person or attempted to do so; and

(b) The defendant acted knowingly; and

(c) The defendant acted with the intent to influence, delay or prevent the testimony of any person in an official proceeding relating to the commission of a federal offense.

As the factual basis for Count 5, defendant Miguel admits that beginning on or about April 29, 2014 and continuing through on or about May 7, 2014, in the District of Oregon, defendant Charles Douglas Miguel contacted adult victim D.H. and attempted to intimidate or corruptly persuade D.H. to write or sign a letter recanting statements D.H. and/or A.L. made to law enforcement about defendant Miguel's actions in coercing A.L. and D.H. to engage in commercial sex acts. Defendant acted with the intent to influence, delay, or prevent D.H.'s testimony in an official proceeding relating to the commission of a federal offense, to-wit: Conspiracy to Commit Sex Trafficking, in violation of Title 18, United States Code, Section 1591, in the case known at that time as *U.S. v. Karisah Jane Dixon*, 3:14-CR-00110-02-SI.

Between May 2, 2014 and May 5, 2015, defendant Miguel used his telephone to contact D.H.'s telephone on at least nine occasions. On each of these nine occasions, defendant Miguel blocked his own telephone number from registering on D.H.'s telephone by dialing *67 before dialing D.H.'s telephone number. In conversations with D.H., defendant Miguel intimidated and

Mr. Raymond Tindell, Esq.
Plea Agreement for Charles Douglas Miguel
Page 3

corruptly persuaded D.H., leading D.H. to believe that D.H. and her family would be harmed if D.H. did not write or sign the letter.

5.   **Dismissal/No Additional Prosecution:**   The USAO will move to dismiss at sentencing any remaining counts against defendant.   The USAO further agrees not to file or seek any new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

6.   **Sentencing Factors:**   The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).   Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard. As noted below in paragraph 10, the parties jointly recommend a sentence of 120 months in prison, to be followed by a supervised release term of five years.

7.   **Acceptance of Responsibility:**   Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. §3E1.1 for his unlawful conduct in this case.   If defendant does so before the expiration date set forth below, the USAO will recommend a three-level reduction in defendant's offense level.   The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8.   **Multiple Victims**: The parties agree that a 2-level upward adjustment from the applicable sentencing guideline range for multiple victims under U.S.S.G. § 2G1.1(d) is appropriate under U.S.S.G. § 3C1.1 for defendant's willful conduct in recruiting enticing, harboring, transporting, providing, obtaining, or maintaining at least two persons for the purpose of having them engaged in commercial sex acts using force, fraud or coercion.

9.   **Advisory Guideline Calculation:**   The parties stipulate and agree to the following U.S.S.G. provisions:

| | |
|---|---|
| Base Offense Level<br>(U.S.S.G. § 2G1.1(a)(1)) | 29 |
| Multiple Victims<br>((2) U.S.S.G. § 2G1.1(d)) | +2 |
| Acceptance of responsibility<br>((3) U.S.S.G. § 3E1.1) | -3 |
| Total Offense Level | 28 |

Mr. Raymond Tindell, Esq.
Plea Agreement for Charles Douglas Miguel
Page 4

10. **Sentencing Recommendation:** In consideration of the government's agreement to dismiss Counts 1, 4 and 6, (which would have required a lengthy mandatory minimum sentence), defendant's early acceptance of responsibility, to spare the victims in this case from having to testify at trial or sentencing, and having considered all relevant factors set forth at 18 U.S.C. § 3553, the parties agreed to recommend jointly 120[1] months in prison, to be followed by a supervised release term of five years. The USAO will make this recommendation so long as defendant demonstrates an acceptance of responsibility as explained above.

11. **Restitution:** Defendant agrees that A.L., D.H. and A.V.3 are entitled to restitution for the costs of any physical or mental treatment that occurred after and as a result of the commission of the offense. Defendant stipulates and agrees to the entry of an order requiring the payment of full restitution. Included within the restitution order is any agency that is paying or has previously paid for the cost of the treatment to the victim. The amount is immediately payable in full and due in an amount to be described by the government at sentencing. If the defendant cannot pay the entire remaining balance at the time of sentencing, he agrees to minimum monthly payments to be determined by the court.

12. **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13. **Sex Offender Registration.** Although defendant may not be subject to the requirements of the federal Sexual Offender Registration Notification Act (SORNA), defendant understands that he may be subject to sex offender registration requirements under state law, depending upon in which state defendant chooses to reside. Defendant further understands that failure to comply with sex offender registration requirements may subject him to prosecution under state law for failing to register as a sex offender.

14. **Court Not Bound:** The Court is not bound by the recommendations of the parties or of the pre-sentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15. **Full Disclosure/Reservation of Rights:** The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16. **Breach of Plea Agreement:** If defendant breaches the terms of this agreement, commits any new criminal offenses between signing this agreement and sentencing, or seeks release from confinement,

---

[1] Although the joint recommendation of 120 months is higher than that estimated advisory sentencing guideline range, the parties agree that the relevant conduct in this case with regard to A.L., D.H. and others is sufficient to justify the sentence jointly recommended herein.

Mr. Raymond Tindell, Esq.
Plea Agreement for Charles Douglas Miguel
Page 5

the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

17.  **Forfeiture Terms**:

   A. **Assets and Authority**:  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 2428, including one Breitling men's diamond studded watch valued at $5,500; one Acer laptop; $2,100 cash (converted to cashier's check #*****788); $3,500 (converted to cashier's check #******099); one iPod and 3 cell phones seized from defendant Miguel's residence, which defendant admits constitute the proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity; or were involved in defendant's money laundering activity in violation of Title 18, United States Code, Section 1591 (a)(1) and (b)(1), and 1594(a) and (c) as set forth in Count 1 of the Indictment.

   B. **Agreement to Civil Forfeiture**:  Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding.

   C. **No Alteration or Satisfaction:**  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

   D. **Title Assistance**:  Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

   E. **Assets Not Identified:**  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

18.  **Memorialization of Agreement:**  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed

Mr. Raymond Tindell, Esq.
Plea Agreement for Charles Douglas Miguel
Page 6

below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19.   **Deadline:**   This plea offer expires if not accepted by **3:00 p.m., July 8, 2015**.

Sincerely,

BILLY J. WILLIAMS
Acting United States Attorney

JENNIFER J. MARTIN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7-19-15
Date

CHARLES DOUGLAS MIGUEL
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7-19-15
Date

RAYMOND S. TINDELL
Attorney for Defendant