

U.S. Department of Justice
S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600        (503) 727-1000
Portland, OR 97204-2902              Fax (503) 727-1117

July 15, 2015

Ms. Lisa J. Ludwig
Attorney at Law
811 SW Naito Parkway
Suite 500
Portland, OR 97204
*Attorney for Ms. Karisah Jane Dixon*

> Re: *United States v. Karisah Jane Dixon,*
> Case No. 3:14-CR-00110-02-SI
> Amended Plea Agreement

Dear Counsel:

This letter will set forth the government's amended plea offer in this case. Please review this offer with your client and confirm with me that you have done so and whether she accepts or rejects it. ***Please note the expiration date set forth in paragraph 17 is 11:30 a.m. on July 16, 2015, the date of the next CAPS hearing.***

1. **Parties/Scope:** This plea agreement is between the United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges:** Defendant agrees to plead guilty to Count 1 of the Superseding Information, charging her with Harboring a Fugitive in violation of Title 18, United States Code, Section 1071. In return, the government will move to dismiss the remaining counts in the Superseding Indictment against defendant at sentencing.

3. **Penalties:** The maximum sentence for Title 18, United States Code, Section 1071 is five years imprisonment, a fine of $250,000, a supervised release term of up to three years, and a $100 fee assessment. Defendant agrees to pay the fee assessment at the time of guilty plea or explain to the court why it cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4. **Elements and Facts:** Defendant agrees that the government must prove, and can prove, beyond a reasonable doubt, the following essential elements:

Ms. Lisa Ludwig, Esq.
Plea Agreement for Karisah Jane Dixon
Page 2

1. A federal warrant was issued for the fugitive's arrest.

2. Defendant knew a warrant had been issued for the fugitive's arrest.

3. Defendant actually harbored or concealed the fugitive.

4. Defendant intended to prevent the fugitive's discovery or arrest.

As the factual basis for this offense, defendant Dixon specifically admits that after her arrest on April 29, 2014 in Las Vegas, Nevada, she reviewed the charges in the redacted indictment and understood that Charles Douglas Miguel was a codefendant and that a warrant had been issued for his arrest. Defendant Dixon admits that she used third parties to warn Charles Douglas Miguel that there was a federal warrant for his arrest. Defendant Dixon admits that on May 7, 2014, a U.S. Magistrate Judge ordered that she possess only one cellular phone, and that she not have any contact with the codefendant or victims A.L. and D.H.

Defendant admits that after her release from custody in May, 2014 in the District of Oregon, she obtained a second cellphone to facilitate and conceal her continuing communication with Charles Douglas Miguel. Defendant admits that on June 27, 2014, she provided the full names for D.H. and A.L. to Charles Douglas Miguel, knowing that he would use the information to avoid detection and apprehension.

After her release from custody, defendant Dixon repeatedly tried to obtain permission for Charles Douglas Miguel to stay at a third party's residence to avoid detection and apprehension, but the third party would not allow the fugitive to stay at the residence. In early July 2014, defendant Dixon concealed Charles Douglas Miguel in the third party's residence without permission in order to avoid his detection and apprehension. ~~At the same time, defendant Dixon was engaged in acts of prostitution, and provided the resulting funds to Charles Douglas Miguel.~~

On July 8, 2014, Charles Douglas Miguel sent a text to defendant Dixon with the apartment number and address where he was staying with defendant Dixon's relative in Salem, Oregon. Defendant Dixon knew her relative had rented an apartment in the relative's name in order to conceal Charles Douglas Miguel and to avoid his detection and apprehension.

5. **Dismissal/No Additional Prosecution:** The USAO will move to dismiss at sentencing any remaining counts against defendant. The USAO further agrees not to file or seek any new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

6. **Sentencing Factors:** The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Ms. Lisa Ludwig, Esq.
Plea Agreement for Karisah Jane Dixon
Page 3

7. **Acceptance of Responsibility:** Defendant must demonstrate to the Court that she fully admits and accepts responsibility under U.S.S.G. §3E1.1 for her unlawful conduct in this case. If defendant does so before the expiration date set forth below, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8. **Low End of the Range:** The USAO will recommend the low end of the applicable guideline range, as long as defendant demonstrates an acceptance of responsibility as explained above.

9. **Obstruction of Justice:** The parties agree that a 2-level upward adjustment from the applicable sentencing guideline range for obstruction of justice is appropriate under U.S.S.G. § 3C1.1 for defendant's willful attempt to obstruct or impede the investigation by intimidating D.H. in May of 2012.

10. **Advisory Guideline Calculation:** The parties stipulate and agree to the following U.S.S.G. provisions:

| | |
|---|---|
| Base offense level<br>((1) U.S.S.G. § 2X3.1(a)(3)(B)) | 20 |
| Obstruction of justice<br>((2) U.S.S.G. § 3C1.1) | +2 |
| Acceptance of responsibility<br>((3) U.S.S.G. § 3E1.1) | -3 |
| | 19 |

11. **Additional Departures, Adjustments, or Variances:**

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

A.  Defendant reserves the right to seek up to the equivalent of four (4) levels downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for the departure, adjustment or variance shall be limited to U.S.S.G. § 3B1.2(b),§ 5K2.12, or 18 U.S.C. § 3553 (a)(2)(D). Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

Ms. Lisa Ludwig, Esq.
Plea Agreement for Karisah Jane Dixon
Page 4

B      Defendant agrees that, should she seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, she will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if she fails to comply with this notice requirement, she will not oppose a government motion for a postponement of the sentencing hearing.

12.    **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the pre-sentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights:** The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.    **Breach of Plea Agreement:** If defendant breaches the terms of this agreement, commits any new criminal offenses between signing this agreement and sentencing, or seeks release from confinement, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

//

//

//

//

//

//

Ms. Lisa Ludwig, Esq.
Plea Agreement for Karisah Jane Dixon
Page 5

16. **Memorialization of Agreement:** No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17. **Deadline:** This plea offer expires if not accepted by **11:30 a.m., July 16, 2015**. This offer will not be extended after **11:30 a.m., July 16, 2015.**

Sincerely,

BILLY J. WILLIAMS
Acting United States Attorney

JENNIFER J. MARTIN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7.29.15
Date

KARISAH JANE DIXON
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7/29/15
Date

LISA J. LUDWIG
Attorney for Defendant